IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01780-GPG

ANTOINE BRUCE,

      Plaintiff,

v.

FEDERAL BUREAU OF PRISONS, and
F. DAVIS,

      Defendants.

---

ORDER DENYING LEAVE TO PROCEED PURSUANT TO 28 U.S.C. § 1915

---

Plaintiff Antoine Bruce is in the custody of the Federal Bureau of Prisons and

currently is incarcerated at the United States Penitentiary in Florence, Colorado.   On

August 17, 2015, Plaintiff initiated this action by filing *pro se* a Prisoner Complaint and a

Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.

Magistrate Judge Gordon P. Gallagher reviewed the filings and then entered an Order to

Show Cause in this case as follows.

> Plaintiff, on three or more occasions, has brought an action that was
> dismissed on the grounds that it failed to state a claim or was frivolous.
> *See Bruce v. Coulter, et al.*, No. 14-cv-00210-LTB (D. Colo. Apr. 23, 2014)
> (dismissed as malicious under 28 U.S.C. § 1915(e)(2)(B)(i)) (unpublished);
> *Bruce v. Denney*, No. 14-cv-03026-SAC (D. Kan. Apr. 2, 2014) (dismissed
> for failure to state a claim and as legally frivolous) (unpublished); *Bruce v. C.
> Wilson, et al.*, No. 13-cv-00491-WJM-CBS (D. Colo. Nov. 4,2013) (a Fed. R.
> Ci. P. 12(b)(6) dismissal).   In relevant part, § 1915 provides:

> > In no event shall a prisoner bring a civil action or
> > appeal a judgment in a civil action or proceeding under this
> > section if the prisoner has, on 3 or more prior occasions, while
> > incarcerated or detained in any facility, brought an action or
> > appeal in a court of the United States that was dismissed on
> > the grounds that it is frivolous, malicious, or fails to state a

1

claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Based on the following, Plaintiff does not assert that Defendants' actions are the cause of any imminent danger of serious physical injury.   In the Complaint, Plaintiff describes a chronological history of his life from when he was born until 2011, when he was transferred to ADX Florence. His claims against the Bureau of Prisons are vague and conclusory, as are most of his claims as they are asserted against medical staff in general. Plaintiff's one claim against Defendant Davis refers to an incident that took place on "October 31, 2015."   ECF No. 1 at 18.   Even if the Court were to consider the reference to 2015 is meant to be 2014, the claim fails to assert imminent danger of serious physical injury, as the incident took place almost a year ago.   Plaintiff's claims do not support that he currently is in imminent danger of serious physical injury.

Plaintiff is required to provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury."   *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (emphasis added).   Vague or conclusory allegations of harm are insufficient.   *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998).   Plaintiff's claims do not contain the specific factual descriptions that would support these claims as violations of his constitutional rights that are likely to cause imminent serious physical injury.

Therefore, the Court finds that Plaintiff has initiated three or more actions that count as strikes pursuant to § 1915(g) and that he is not under imminent danger of serious physical injury based on the alleged actions. Pursuant to § 1915(g) he is precluded from bringing the instant action in forma pauperis.   Plaintiff will be ordered to show cause why he should not be denied leave to proceed pursuant to 28 U.S.C. § 1915(g).

ECF No. 5.   This Court agrees with Magistrate Judge Gallagher's findings.

Rather than respond to the Order to Show Cause Plaintiff filed a ninety-seven

page pleading titled, "Motion to Compel Defendant (BOP) to Compel its agents or

Employees to Stop Hindering, Frustrating, &/or Impeding the Plaintiff's Efforts to Follow

the Court's Order Directing Plaintiff to Show Cause why he Should not be Denied Leave

to Proceed Pursuant to 28 U.S.C. § 1915."   *See* ECF No. 6.   The first fourteen pages of

the Motion for the most part are conclusory and vague allegations about Plaintiff's lack of

understanding of Court rules and the law, his different ailments, his efforts to exhaust

administrative remedies, his mental health issues, a list of requests, and citations to

cases in support of his claims.

On Pages Three and Four, Plaintiff claims that on August 28, 2015, he was under

"mental and emotional distress/anguish and as such requested to see a psychologist."

ECF No. 6 at 3-4.   Plaintiff further complains that Defendant Davis disregarded Plaintiff's

health by placing him on the Suicide Risk Management Plan (SRMP), apparently in

response to Plaintiff's request to see a psychologist, rather than placing him on suicide

watch.  *Id.*   Plaintiff further contends that Defendant Davis restricted Plaintiff from his

legal materials to frustrate his access to the courts.   *Id.*   Plaintiff also contends

Defendant Davis did this in retaliation for Plaintiff filing civil law suits.

The remaining eighty-three pages of the motion to Compel are exhibits.   One of

the exhibits is a Declaration prepared by Plaintiff.   In the Declaration, Plaintiff contends

that the cell Defendant Davis placed him in on August 28 was the type of cell that Plaintiff

had been placed in previously and was where he was able to commit self-mutilation.

ECF No. 6 at 31.   Plaintiff further asserts that at some point he was strapped to a

concrete bed and the cell he was in, contrary to his other allegations, was indeed an

observation cell.  *Id.* at 32.   Nonetheless, nothing Plaintiff asserts indicates that as a

result of Defendant Davis's actions he was subjected to imminent danger of serious

physical injury on August 28, 2015, or for that matter any time before or after.

The only other occasion Plaintiff refers to in the August 17, 2015 Complaint

appears to have been in October 2014, when Defendant Davis removed Plaintiff from

suicide watch and placed him in the SRMP because either Plaintiff engaged in

self-mutilation while on suicide watch or would not talk to Defendant Davis.   Compl., ECF No. 1 at 18.

Upon review of the Motion to Compel, the Court finds no basis for Plaintiff's claim that he has been hindered, frustrated, and/or impeded by prison staff in his efforts to show cause why he should not be denied leave to proceed pursuant to 28 U.S.C. § 1915.   In fact, the Motion to Compel states clearly Plaintiff's arguments regarding Defendant Davis's actions and how Plaintiff believes the actions caused him to be placed in imminent danger of serious physical injury.   The Motion to Compel also in part is another attempt by Plaintiff to assert additional claims in this action challenging his alleged denial of access to the courts and to the prison grievance procedure.

The Court, therefore, will construe the Motion to Compel as a response to Magistrate Judge Gallagher's Order to Show Cause and deny Plaintiff leave to proceed pursuant to § 1915 for the following reasons.   Nothing Plaintiff states in the Complaint or in the Motion to Compel indicates that he was under imminent danger of serious physical injury when Defendant Davis decided to place him in the SRMP to address Plaintiff's suicide or self-mutilation issues.   His statement that, apparently on prior occasions, he utilized "architectural features" in the cell, where he was placed by Defendant Davis on August 28, 2015, to commit self-mutilation does not meet the requirement that his claims must contain the specific factual descriptions that would support these claims as violations of his constitutional rights that are likely to cause imminent serious physical injury.   The architectural features claim is conclusory and vague.

Plaintiff's other motions filed on October 13 and 19, 2015, will be denied for the following reasons.   First, the Motion for Extension of Time, ECF No. 9, is merely a restatement of Plaintiff's allegations in the Motion to Compel and in the Complaint.

4

Further, Plaintiff's claim in the Motion for Extension that he lacks the understanding of the terms used by the Court in the Order to Show Cause is unbelievable.   Throughout the Complaint and the Motion to Compel, plus as the Court has found in other cases Plaintiff has filed in this Court, *see Bruce v. Fed. Bur. of Prisons, et al.*, No. 15-cv-00239-LTB, ECF No. 11 at 3-4 (D. Colo. June 30, 2015), Plaintiff demonstrates his ability to grasp the concepts set forth in the September 14, 2015 Order to Show Cause in this case by presenting clearly understandable arguments that challenge the order, including what constitutes an alleged act of serious physical injury.   *See* Mot. to Compel, ECF No. 6 at 3-4 and 7-10.   Plaintiff also does not state that the Motion to Compel was prepared by someone else.

The Court has informed Plaintiff previously that he is subject to § 1915(g) filing restrictions and he is required to state specifically **who is responsible** for the immediate continuing alleged serious physical injuries and/or misconduct that may lead to serious physical injury and **what the individual did specifically** to cause serious physical injuries or **what the individual does** that would lead to serious physical injury.

As for the Motion for Appointment of Counsel, an appointment of counsel would not overcome the fact that the claims asserted by Plaintiff do not state that named Defendants have placed him in imminent danger of serious physical injury.   Finally, the Motion for Status Report is only a restatement of the claims Plaintiff has asserted in the original complaint and in the Motion to Compel.

If Plaintiff wishes to pursue the claims raised in this action he must pay the $400.00 filing fee ($350 filing fee, plus a required $50 administrative fee) pursuant to 28 U.S.C. § 1914(a).   Plaintiff is reminded that, even if he pays the filing fee in full, a review of the merits of the claims is subject to 28 U.S.C. § 1915(e)(2), and the claims may be dismissed

notwithstanding any filing fee if the claims are found to be frivolous or malicious, lacking in merit, or asserted against a defendant who is immune from suit.   Accordingly, it is

ORDERED that the Motion to Compel, ECF No. 6, is construed as a Response to the September 14, 2015 Order to Show Cause.   It is

FURTHER ORDERED that the Plaintiff's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, ECF No. 4, is denied.   It is

FURTHER ORDERED that Plaintiff shall have **thirty days from the date of this Order** to pay the entire $400.00 filing fee if he wishes to pursue his claims in this action.   It is

FURTHER ORDERED that if Plaintiff fails to pay the entire $400.00 filing fee within the time allowed, the Complaint and the action will be dismissed without further notice.   It is

FURTHER ORDERED that the only proper filing at this time is the payment of the $400.00 filing fee.   No other filings will be considered.   It is

FURTHER ORDERED that the Clerk of the Court is directed to send copies of ECF Nos. 1 and 4 to Plaintiff.   It is

FURTHER ORDERED that all other pending motions are denied for the reasons set forth in this Order.

DATED October 23, 2015 at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court